UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARI DAWSON, | No. 2:13-cv-0610 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| CAGLE CARTOONS, INC., et al, | |
| Defendants. | |

On August 16, 2013, the court heard argument on defendants' motions to dismiss or to transfer and for sanctions. Justin Rodriguez appeared for plaintiff; Michael Fauver appeared for defendants. After considering the parties' arguments, the court hereby GRANTS the motion to dismiss, declines to reach the alternative motion to transfer, and DENIES the motion for sanctions.

I. BACKGROUND

On March 29, 2013, plaintiff Cari Dawson filed a complaint against Cagle Cartoons, Inc., a California corporation, and Daryl Cagle ("defendants" collectively), alleging six causes of action: (1) failure to pay overtime compensation in violation of California Labor Code §§ 510 & 1194 and IWC Wage Order No. 4, § (3)(A); (2) failure to pay minimum wage in violation of California Labor Code § 1194; (3) failure to pay overtime and minimum wages in violation of California Business and Professions Code § 17200; (4) failure to provide accurate

1

1  wage statements in violation of California Labor Code § 226(e); (5) failure to pay overtime in
2  violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207; and (6) failure to pay
3  minimum wage in violation of the FLSA, 29 U.S.C. § 206.

On July 8, 2013, defendants filed a motion to dismiss for improper venue and for failure to state a claim or, in the alternative, to transfer for improper venue or for the convenience of the parties.  Motion to Dismiss, ECF No. 9.  Defendants also filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Motion for Sanctions, ECF No. 10.  Plaintiff has opposed both motions, ECF Nos. 13 & 14, and defendants have filed a reply to the opposition to the motion to dismiss.  ECF No. 15.

II. MOTION TO DISMISS—FORUM OR VENUE SELECTION CLAUSE

A. Background

Defendants argue that the employment contract underlying the dispute in this case contains a forum selection clause that limits plaintiff to bringing suit against defendants in a state or federal court sitting in Los Angeles.  ECF No. 9 at 4.   They argue initially that this court should apply California law in determining the meaning and validity of a forum selection clause but then cite authority for the proposition that the validity and effect of a forum selection clause is controlled by federal law in a federal question case.   ECF No. 9 at 5-6.

Plaintiff challenges defendant's characterization of the provision as a forum selection clause, arguing that it is a venue selection clause.  She further argues that the venue selection provision does not apply because plaintiff's claims are statutory and thus do not arise out of the contract and that venue selection clauses are void as a matter of law under California law.  She also argues that her suit against Cagle is not governed by the employment agreement and its venue selection clause.

In reply defendants argue that plaintiff's claims arise under the contract even though they are based in statute and that venue selection provisions are not void as a matter of law under California law.

/////

/////

2

Both parties have submitted the employment contract between plaintiff and Cagle Cartoons, which provides in relevant part:

> 10. <u>Governing Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the state of California without regard to conflict of law principles.
>
> 11. <u>Venue:  Service of Process</u>.
>
>   (a) Any suit, action or proceeding arising out of or relating to the Agreement and the transactions contemplated hereby may be instituted by the Company in any state or federal court sitting in Los Angeles, California . . . .
>
>   (b) Employee agrees that any suit, action, or proceeding brought by her against the Company shall be instituted in a state or federal court sitting in Los Angeles, California.  If Employee brings any suit, action or proceeding in any other jurisdiction, the covenants contained in the Section 11(b) may be pleaded as a complete defense and will constitute grounds for dismissal with prejudice of such suit, action or proceeding.

ECF No. 9 at 14; ECF No. 13-1 at 7.  Plaintiff signed the contract on January 5, 2002, and Daryl Cagle signed it as President of Cagle Cartoons.  ECF No. 9 at 16.

     B.     Standard for a Motion to Dismiss

A motion to enforce a forum selection clause is treated as a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  *Doe 1 v. AOL LLC,* 552 F.3d 1077, 1081 (9th Cir. 2009).   This court need not accept the pleadings as true, but must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party.  *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1137-38 (9th Cir. 2004).  In addition, the court may consider matters outside the pleadings in resolving a motion under Rule 12(b)(3).  *Petersen v. Boeing Co*., 715 F.3d 276, 279 (9th Cir. 2013).

     C.     Analysis

          1. Interpretation of the Clause

As noted, the parties do not agree on the nature of the clause at issue, with defendants characterizing it as a forum selection clause, while plaintiff describes it as a venue selection provision as defined by California law.

/////

3

Federal courts define "forum" as a "'court or other judicial body; place of jurisdiction,'" *Lim v. Offshore Specialty Fabricators, Inc*., 404 F.3d 898, 905 (5th Cir. 2005) (quoting Black's Law Dictionary (8th ed. 2004)).  California courts also look to Black's and define forum in the same manner, but note that a forum selection clause "usually chooses a court from among different states or nations." *Alexander v. Sup. Ct*., 114 Cal. App. 4th 723, 727 (2003) (citing Black's Law Dictionary 664 (7th ed. 1999)).  For federal courts, venue is a matter of judicial districts, not counties, *Excell, Inc. v. Sterling Boiler & Mech., Inc*., 106 F.3d 318, 322 (10th Cir. 1997) (citing 28 U.S.C. § 1391); *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *2 (W.D. Wash. Jun. 6, 2006) (the term "venue" does not necessarily equate to the location of a courthouse).  California courts say that "a venue selection clause is purely an intrastate issue involving the selection of a county in which to hold the trial." *Alexander*, 114 Cal. App. 4th at 727.   Federal courts generally do not differentiate between forum and venue selection provisions in contracts.

Federal law governs interpretation of a forum selection clause in a federal question case, even when there is supplemental jurisdiction over state law claims.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *Doe 1*, 552 F.3d at 1081 (applying federal law to interpret forum selection clause when jurisdiction was based on federal question and diversity); *Sheasly v. Orr Felt Co*., No. CV 10-956 PK, 2010 WL 4273230, at *2 (D. Or. Oct. 25, 2010) (applying federal law when there was federal question jurisdiction and supplemental jurisdiction over state law claims), *aff'd*, 2010 WL 4961807 (D. Or. Dec. 1, 2010).[1]  In *Manetti-Farrow, Inc. v. Gucci America, Inc*., a diversity case, the Ninth Circuit said that "because enforcement of a forum selection clause necessarily entails interpretation of the clause before it can be enforced,

---

[1] Some judges have embraced the position taken in the treatise on Federal Practice and Procedure: "'[a] federal court sitting in diversity or federal question jurisdiction should take . . . [a forum selection] clause into account only as one element in the balancing test required by Section 1404.'" *Trafalgar Cap. Specialized Inv. Fund (In Liquidation)*, 878 F. Supp.2d 1274, 1285 (S.D. Fla. 2012) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3803.1 (3d ed. 2007)) (brackets in original); *see also Infinity Air, Inc v. Echo Global Logistics, Inc*., No. 3:13-cv-00307-MO, 2013 WL 3199657, at *3-4 (D. Or. June 20, 2013) (agreeing with Wright and Miller, but not adopting their analysis in light of Ninth Circuit authority).

federal law also applies to the interpretation of forum selection clauses." 858 F.2d 509, 513 (9th Cir. 1988). At least one court in this circuit has said that federal law applies to the interpretation of a clause that fixed venue in a certain California county, noting that "[c]ourts in this circuit refer to similar contractual language as forum-selection clauses, even when venue is specified." *In re Bank of New York Mellon Corp. False Claims Act Foreign Exch. Litig.*, 851 F. Supp.2d 1190, 1203 (N.D. Cal. 2012); *see also Sheasly*, 2010 WL 4273230, at *3 (applying federal law to interpret the forum selection clause even though contract provided that its interpretation was to be governed by Ohio law).[2]

Plaintiff argues that the choice of law provision in the contract means that California law governs the interpretation and enforcement of the forum/venue selection clause. She relies on *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006) and *Stellia Ltd., Inc. v. BkS Card Serv. GMBH*, No. 12-CV-1099-GMN, 2013 WL 1195709 (D. Nev. Mar. 22, 2013). This court does not find *Stellia* persuasive and determines that *E. & J. Gallo* does not control.

In *E. & J. Gallo*, the plaintiff sought an injunction against defendant's proceeding with a suit in Ecuador when the distributorship contract at issue contained a forum selection clause and choice of law provision in favor of California. In the course of explaining why the district court should have granted the anti-suit injunction, the court rejected the district court's conclusion that the courts of Ecuador were better suited to interpreting the clause, observing that the validity of the forum selection clause "should be decided by California law" because of the choice of law clause. *Id*. at 994. This was not part of the court's holding. Moreover, the only authority it cites as a "*cf.*" cite is *Batchelder v. Kawamoto*, 147 F.3d 915, 919-20 (9th Cir. 1998), which rejected a challenge to a forum selection clause because plaintiff had not shown fraud or coercion, nor any violation of California public policy if the clause was enforced. As there is no

---

[2] What appears most often in Ninth Circuit case law is a venue provision coupled with a forum selection clause. The Ninth Circuit generally finds that the presence of a venue provision in tandem with a forum selection clause renders the latter mandatory rather than permissive. *See, e.g., Docksider, Ltd. v. Sea Tech. Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). Plaintiff does not argue that this court should refuse to honor the clause because it is permissive.

acknowledgment or discussion of, or even citation to, *Manetti-Farrow*, this court declines to read *E.& J. Gallo* as changing the Ninth Circuit's rule.

In cases decided after *E. & J. Gallo*, the Ninth Circuit has repeated the rule that it "appl[ies] federal law in interpreting the forum selection clause . . . ." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011); *Doe 1*, 552 F.3d at 1081. Accordingly, this court is not persuaded that *E. & J. Gallo* marks a departure from the law followed in the Ninth Circuit. Consequently, the court also is not persuaded by the district court's decision in *Stellia*, which cited only to *E.& J. Gallo* in applying Nevada law to the interpretation of a forum selection clause.

In applying federal law to interpret a contract, a court relies on familiar principles:

> Contract terms are to be given their ordinary meaning, and when the terms of the contract are clear, the intent of the parties should be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first. . . . We apply the primary rule of interpretation . . . that the common or normal meaning of language will be given to the words of the contract unless circumstances show that in a particular case a special meaning should be attached to it. We read a written contract as a whole, and interpret each part with reference to the whole.

*Doe I*, 552 F.3d at 1081; *accord Sheasly*, 2010 WL 4273230, at *3-4.

The parties appear to assume that the contract's forum/venue selection clause requires plaintiff to bring all suits "arising under" the contract in Los Angeles. *See* ECF No. 9 at 3; ECF No. 14 at 4; ECF No. 15 at 4.[3] While the contract does provide that defendant shall bring any suit arising out of or relating to the employment agreement in Los Angeles, the corresponding paragraph for suits by plaintiff does not contain any limiting language but rather provides that "any suit, action, or proceeding" against defendant shall be brought in Los Angeles. ECF No. 9 at 14. While the term "arising from" might limit the scope of actions to those involving

---

[3] Despite the fact that the parties' respective counsel read the "arising under" language into provision governing suits by plaintiff, this court's task is to construe the contract by looking to its "plain language." *Doe 1*, 552 F.3d at 1081. Counsel has presented nothing suggesting that the parties themselves understood that the "arising from" language should be incorporated into the clause governing suits by plaintiff.

6

interpretation and performance of the contract itself, the contract before the court places no such restriction on suits by plaintiff. *See Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011) (interpreting "arising hereunder" term in contract narrowly), *cert. denied*, 132 S.C. 1862 (2012); *Perry v. AT&T Mobility LLC.*, No. C 11-01488 SI, 2011 WL 4080625, at *4 (N.D. Cal. Sep. 12, 2011) (interpreting forum selection provision broadly when it governed suits "relating to" the contract).   Under the plain language of this provision in the employment contract, plaintiff must bring any suit related to the employment relationship in a state or federal court in Los Angeles.

      Plaintiff argues that her claims, stemming from state or federal statutes, cannot fall within the contract's forum/venue provisions. She relies on cases finding that California wage and hour claims are not preempted by federal labor law and cannot be waived by a collective bargaining agreement ("CBA"). *See, e.g., Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005); *Lujan v. So. Cal. Gas Co.*, 96 Cal. App. 4th 1200 (2002). These cases are inapplicable, as this case does not involve a collective bargaining agreement nor a claim that plaintiff's statutory claims have been waived by or subsumed in a CBA.

      The Ninth Circuit and courts in this circuit have recognized that the scope of a forum/venue selection clause is not necessarily limited to contract claims. *Manetti-Farrow, Inc.*, 858 F.2d at 514 (claims of tortious interference with prospective economic relations covered by forum selection clause); *Perry*, 2011 WL 4080625, at *3-4 (recognizing that forum selection clause can cover tort or statutory claims); *Sheasly*, 2010 WL 4273230, at * 5 (finding ERISA and disability claims controlled by forum selection clause that covered suits "connected with" employment contract because the claims were premised on the termination of a relationship governed by the contract). Moreover, courts in other circuits have also found non-contractual claims covered by forum selection clauses. In *Slater v. Energy Services Group International, Inc.*, the Eleventh Circuit concluded that the plaintiff's Title VII claims fell within the forum selection clause of her employment contract, finding it broad enough to cover "all claims arising 'directly or indirectly' from the relationship evidenced by the contract." 634 F.3d 1326, 1331 (11th Cir. 2011); *see also Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720 (1st Cir.

7

1982) (finding that antitrust claim fell within forum selection clause that covered suits "arising directly or indirectly" from the contract).

The result would not change even if state law governed the interpretation of the clause at issue. In *Smith, Valentino & Smith, Inc. v. Superior Court*, the California Supreme Court recognized the validity and enforceability of forum selection clauses and determined that the torts of unfair competition and intentional interference with business relations were also covered by the clause, because they "arose directly out of" plaintiff's contractual relationship and were covered by the clause, which applied to "'matters arising under or growing out of'" the agreement. 17 Cal. 3d. 491, 495-97 (1976); *see also Olinick v. BMG Entm't,* 138 Cal. App. 4th 1286, 1294 (2006) (holding statutory FEHA claim covered by forum selection clause requiring "'resolutions of all disputes under this Agreement'" to be heard in New York). California courts generally find that statutory claims for unpaid wages "arise from rights based on [an] employment contract." *Brewer v. Premier Golf Prop.*, 168 Cal. App. 4th 1243, 1255 (2009); *see also Hays v. Bank of Am. Nat'l Trust & Savings Ass'n*, 71 Cal. App. 2d 301, 303 (1945) (stating that claims for overpaid wages are based on contracts of employment or at least contingent on the contracts).

2. Enforcement of the Clause

In *M/S Bremen v. Zapata Off-Shore Co.*, the U.S. Supreme Court held that contractual forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. 1, 10 (1972). Although the *M/S Bremen* was an admiralty case involving international commerce, the Ninth Circuit has applied it in "the domestic context," *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc*., 741 F.2d 273, 279 (9th Cir. 1984), and specifically to employment contracts. *Spradlin v. Lear Siegler Mgmt Serv. Co*., 926 F.2d 865 (9th Cir. 1991); *see also In re Bank of New York Mellon Corp. False Claims Act Foreign Exch. Litig.*, 851 F. Supp.2d at 1203 (applying *M/S Bremen* to a venue selection clause). The Ninth Circuit has said that enforcement of such a clause would be unreasonable under *M/S Bremen* only upon "a showing of fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive the party seeking enforcement of a meaningful day in court."

1 *Spradlin*, 926 F.2d at 868; *see also Murphy,* 362 F.3d at 1140 (stating that under *Bremen* a court would not enforce a forum selection clause "if enforcement would contravene a strong public policy of the forum in which the suit is brought.") (internal citation, quotation omitted). California cases also hold that forum selection clauses should be enforced unless the party resisting its enforcement shows that the enforcement would be unreasonable under the circumstances. *Smith, Valentino & Smith*, 17 Cal. 3d at 495.

Plaintiff avers that defendant Cagle said he included the venue provision in employment contracts "because he thought people would not sue him if they had to come to Los Angeles to do it." Decl. of Cari Dawson, ECF No. 14-3 ¶ 3. Taking this representation as true, it falls far short of fraud or overreaching. Plaintiff has presented nothing suggesting she would be deprived of her day in court if she were compelled to litigate in federal court in Los Angeles.

Plaintiff does argue, however, that choice of venue provisions are void as a matter of law in California, suggesting that enforcing this provision would violate public policy. Defendants counter that California law disapproves of venue provisions only if they do not comply with the venue provisions in the California Code of Civil Procedure and that the instant provision is valid under those laws.

In *General Acceptance Corporation of California v. Robinson*, the California Supreme Court said that a venue selection clause that fixed venue for suit in a place where venue would not lie under the Code of Civil Procedure was void because it would "'disturb the symmetry of the law.'" 207 Cal. 285, 289 (1929) (quoting *Nute v. Hamilton Ins. Co*, 6 Gray (Mass.), 174), *disapproved of on other grounds, Smith, Valentino & Smith, Inc*., 17 Cal. 3d at 496. Seventy-four years later, the California Court of Appeal in *Alexander* relied on *General Acceptance* in concluding that "to the extent a venue selection clause disrupts statutory venue provisions, it is void as against the legislatively declared public policy fixing the place for trial." *Alexander*, 114 Cal. App. 4th at 731-32. The court reasoned because the place for trial was set by statute, any attempt to set venue somewhere else would interfere with the legislature's prerogative to designate the place for trial. *Id*. at 117.

9

Most recently, in *Battaglia Enterprises, Inc. v. Superior Court*, a different Court of Appeal agreed generally with *Alexander*, but concluded that venue selection clauses are void only when they "'disrupt statutory venue provisions,'" when a provision selects a statutorily permissible county, it may be enforced.  215 Cal. App. 4th 309, 317 (2013).

Under section 395.5 of the California Code of Civil Procedure, "a corporation . . . may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated."  Plaintiff has presented her own declaration, averring that all the work she performed for defendants was performed out of her home in Auburn, California; that Cagle Cartoons does not have a brick-and-mortar office but rather a virtual office; and that the company headquarters, if there is such a thing with a virtual office, is in Daryl Cagle's home in Santa Barbara.  Decl. of Cari Dawson, ECF No. 14-3 ¶ 2.  She has also provided a copy of the advertisement for her position, which says that "[o]ur sales professional will work at home, full or part time, with flexible hours . . . ."  ECF No. 13-1 at 3.  The contract, which both parties have presented, does not show where it was executed, but plaintiff's uncontroverted evidence shows it was to be performed at plaintiff's home in Auburn and that defendants' principal place of business is in Santa Barbara; neither is in Los Angeles County.

The wrinkle in this case, however, is that the provision does not set venue exclusively in Los Angeles County Superior Court, but also designates federal court in Los Angeles as an appropriate place for suit.  Bringing the case in federal court would not disrupt any state venue provisions.  Under federal law, venue is proper in the district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1).  Cagle lives in Santa Barbara, which is part of the Central District, which sits in Los Angeles.  Moreover, Cagle Cartoons is deemed to be a resident of any district in which it is subject to the court's personal jurisdiction, which also makes the Central District an appropriate venue.  Even assuming that *Alexander* is correct in saying that certain types of venue provisions are void as a matter of law, that result flows from California statute; plaintiff has presented nothing suggesting that California courts would find that portion of the clause setting

venue in federal court to be void as a matter of law.  *See Global Packaging, Inc. v. Sup. Ct.*, 196 Cal. App. 4th 1623, 1628 (2011) (saying, in dicta, that clause would be void to the extent it specified an improper California county).

Finally, plaintiff argues that enforcing the clause would be unreasonable because Cagle individually cannot rely on the clause in a contract he did not sign and so her claims against the separate defendants would be split between two courts.  ECF No. 14 at 4.  However, a forum selection clause may apply to non-signatories when the alleged conduct of those parties is closely related to the contractual relationship.  *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (citing *Manetti-Farrow*, 858 F.2d at 514 n.5); *see also Sawyer v. Bill Me Later, Inc.*, No. CV 10–04461 SJO (JCGx), 2011 WL 7718723, at *4 (C.D. Cal. 2011) (stating that a person may enforce a forum selection clause he did not sign if he was a third party beneficiary of the contract, a successor in interest to the contract, or an agent intended to benefit from the contract).  Courts in California apply the same rule.  *See Bugna v. Fike*, 80 Cal. App. 4th 229, 233-35 (2000)  (stating that third parties may enforce forum selection clauses when they "were close to the contractual relationship); *Bancomer S.A. v. Sup. Ct.*, 44 Cal. App. 4th 1450, 1461 (1996) (third party may enforce forum selection clause if he agreed to be bound by the contract, the contracting parties intended the person to benefit from the contract or there is evidence of a defined and intertwining business relationship with a contracting party).  The complaint identifies Cagle as being involved in "joint employment, joint venture, partnership and common enterprise" and consistently says that plaintiff's employment agreement was with "defendants" and that defendant Cagle provided all work assignments.  ECF No. 2 ¶¶ 8, 15.  As defendant Cagle was close to the contractual relationship, he may rely on the forum/venue selection clause.  Accordingly, enforcing it would not cause plaintiff to split her claims into two lawsuits.

III.  MOTION FOR SANCTIONS

Under Rule 11, by signing a document, an attorney certifies that (1) he has read the pleadings or motions he filed and (2) the pleading or motion is "well-grounded in fact," has a colorable basis in law, and is not filed for an improper purpose.  FED. R. CIV. P. 11; *accord*

11

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).  The Rule requires that the lawyer undertake "an inquiry reasonable under the circumstances" to determine whether his legal contentions are "warranted by existing law" and that his factual claims either "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." FED. R. CIV. P. 11(b). When considering apparent Rule 11 violations, the court utilizes an objective standard of reasonable inquiry, which does not require a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991);  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986) (stating that subjective bad faith not an element under Rule 11), *overruled on other grounds by Cooter & Gell*, 496 U.S. at 399.

        Given the California law on venue selection provisions discussed above, the court cannot find that plaintiff violated Rule 11 as the law is not as one-sided as defendants suggest. Moreover, even defendants did not cite the applicable Supreme Court and Ninth Circuit authority in their briefing; it was the court's identification of authority that focused argument on the issues requiring resolution in order to resolve the pending motion.

        IT IS THEREFORE ORDERED THAT:

        1. The motion to dismiss is granted and the case is dismissed without prejudice; and

        2. The motion for sanctions is denied.

DATED: September 6, 2013.

_____
UNITED STATES DISTRICT JUDGE